**UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA**

_____

Keith Brunsting and Cheri Brunsting,

        Plaintiffs,


v.                                                                        Civ. No. 07-4192 (RHK/RLE)
                                                                               **MEMORANDUM OPINION
                                                                               AND ORDER**

Lutsen Mountains Corp. and
Lutsen Mountains Lodging Corp.,

        Defendants.
_____

Thomas J. Conlin, Conlin Law Firm, LLC, Minneapolis, Minnesota, Ronald A. Parsons, Jr., Shannon Falon, Steven M. Johnson, Johnson, Heidepriem, Janklow, Abdallah & Johnson, LLP, Sioux Falls, South Dakota, for Plaintiffs.

Brian N. Johnson, Cortney G. Sylvester, Gregory A. Bromen, Cynthia P. Arends, Halleland Lewis Nilan & Johnson PA, Minneapolis, Minnesota, for Defendants.

_____

**INTRODUCTION**

Plaintiffs Keith and Cheri Brunsting brought this action against Defendants Lutsen Mountains Corp. and Lutsen Mountains Lodging Corp.,[1] alleging that Lutsen was "negligent in the design, maintenance, operation, and supervision" of its ski facilities by allowing a tree stump to exist unmarked on an open ski run. Brunsting contends that he was severely injured as a result of hitting the unseen stump, which caused him to collide with a tree in close proximity. Lutsen now

___

[1] Hereinafter referred to jointly as "Lutsen."

moves for summary judgment.  For the reasons set forth below, the Court will grant the Motion.

## BACKGROUND

On February 26, 2004, Keith Brunsting and his friend Tracey Benson were skiing at Lutsen's ski resort.  (Benson Aff. ¶ 2.)  At the time, Brunsting considered himself to be an intermediate skier, skiing approximately three times a year.  (Pl. Interrogs. at 3-4.)

Around 2:15 that afternoon, Brunsting and Benson were skiing a run commonly referred to as "Alpha."[2]  (Benson Dep. Tr. at 62.)  Soon thereafter, Brunsting collided with a tree located near the boundary of Lutsen's Alpha and Timberwolf runs.[3]  (Id. at 73-74.)  Brunsting sustained severe brain damage as a result of this accident and has no memory of what occurred.  (Pl. Interrogs. at 2-3.)  Benson did not witness the incident.  (Benson Dep. Tr. at 75.)  However, Sherry Christiansen and Henry Walch, Lutsen employees riding a chairlift located near the accident site, witnessed Brunsting's accident.  (Christiansen Dep. Tr. at 35-36; Walch Dep. Tr. at 33-35.)  While both Christiansen and Walch saw Brunsting collide with the tree, neither witness saw Brunsting hit the stump.  (Christiansen Dep. Tr. at 35-36, 74; Walch Dep. Tr. at 33-35, 132.)

---

[2] Alpha is a groomed run.  (Rider Dep. Tr. at 24.)  A groomed run has a smooth surface with no natural obstacles.  (Id. at 44-45.)

[3] Timberwolf is designed as an ungroomed run.  (Rider Dep. Tr. at 24.)  Ungroomed runs retain natural features such as trees and stumps.  (Id. at 44.)  Alpha is adjacent to Timberwolf on the top third of the mountain.  (Vick Dep. Tr. at 18.)

The parties do not dispute the existence of a tree stump in the vicinity of the incident site. However, the parties do dispute the role the stump played in Brunsting's accident. Brunsting contends that the accident was the result of him hitting the stump, which caused him to lose control and collide with the tree. (Mem. in Opp'n at 1.) Lutsen disagrees with this assertion, maintaining that Brunsting did not hit the stump. (Def. Mem. at 9.)

## STANDARD OF DECISION

Summary judgment is proper if, drawing all reasonable inferences in favor of the nonmoving party, there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). The moving party bears the burden of showing that the material facts in the case are undisputed. Id. at 322; Mems v. City of St. Paul, Dep't of Fire & Safety Servs., 224 F.3d 735, 738 (8th Cir. 2000). The Court must view the evidence, and the inferences that may be reasonably drawn from it, in the light most favorable to the nonmoving party. Graves v. Ark. Dep't of Fin. & Admin., 229 F.3d 721, 723 (8th Cir. 2000); Calvit v. Minneapolis Pub. Schs., 122 F.3d 1112, 1116 (8th Cir. 1997). The nonmoving party may not rest on mere allegations or denials, but must show through the presentation of admissible evidence that specific facts exist creating a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986); Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

**ANALYSIS**

Lutsen argues that summary judgment is appropriate because Brunsting cannot prove "that any act or omission by Lutsen caused [his] injuries." (Def. Mem. at 15.) Because this is a diversity action, the Court must apply Minnesota substantive law to resolve this issue. Gylten v. Swalboski, 246 F.3d 1139, 1141 (8th Cir. 2001).

"In Minnesota, to prevail on a claim for negligence, a plaintiff must prove the following: (1) that the defendant has a legal duty to the plaintiff to take some action; (2) that there was a breach of that duty; (3) that the breach of that duty was the proximate cause of the harm to the plaintiff; and (4) damage." Id. (citing Gilbertson v. Leininger, 599 N.W.2d 127, 130 (Minn. 1999)).

It is "incumbent on plaintiff to introduce evidence which would afford a reasonable basis for the conclusion that it was more likely than not that" the alleged breach caused the injury in question. DeCourcy v. Trustees of Westminster Presbyterian Church, Inc., 134 N.W.2d 326, 328 (Minn. 1965) (citations omitted). "A mere possibility of such causation is not enough" as causation must be established beyond the point of speculation. Id. Summary judgment is appropriate "when the record reflects a complete lack of proof" demonstrating causation. Schafer v. JLC Food Sys., Inc., 695 N.W.2d 570, 573 (Minn. 2005).

Here, Lutsen argues that there is no evidence connecting the accident to the stump. (Def. Mem. at 14-16.) To support this argument, Lutsen points to the only

eyewitnesses to the accident who testified that Brunsting did not hit the stump. (Christiansen Dep. Tr. at 74, 120-21, 130-33; Walch Dep. Tr. at 132, 140-41.) In addition, Lutsen's expert in biomechanical engineering has opined that, based on his analysis, it is unlikely that Brunsting hit the stump prior to his collision with the tree. (Johnson Aff. Ex. J at 8-11.)

Brunsting relies upon two categories of evidence to rebut Lutsen's contentions. First, Brunsting argues that the circumstantial evidence present in the record suggests that he hit the stump prior to the accident. Second, Brunsting argues that admissible hearsay statements also indicate that he hit the stump.[4]

**A.  Circumstantial evidence**

The circumstantial evidence proffered by Brunsting is weak at best. First, Brunsting notes that he "was an intermediate skier who was cautious, rarely fell, and had not fallen at all on the day in question prior to the incident." (Mem. in Opp'n at 10.) In addition, Brunsting states that on the day of the accident, there was "nothing unusual about the run" and he was "skiing safely." (Id.) Therefore, Brunsting argues that because the stump was the only obstacle in the vicinity of

---

[4] Brunsting submitted to the Court the report of Richard Penniman, an alleged expert in ski-resort safety, opining in part that the stump caused Brunsting to collide with the tree. (Penniman Prelim. Statement of Ops., attached to Penniman Affidavit.) In his brief, however, Brunsting does not cite the Penniman report as evidence supporting his causation theory. Therefore, the Court need not consider it. Nevertheless, the Court questions the admissibility of Penniman's opinion regarding the stump under Daubert v. Merrell Dow Pharmaceuticals, Inc., because it appears to be "unsupported speculation" and therefore has no "evidentiary relevance and reliability." 509 U.S. 579, 590, 595 (1993).

the accident, it must have caused the accident.[5] (Id. at 10-11.) The Court finds this evidence to be of little value because it does not rule out any number of other potential causes of Brunsting's accident, including the distinct possibility that he simply lost control while skiing down the slope.

The second piece of circumstantial evidence offered by Brunsting is equally dubious. Brunsting notes that Benson, soon after the accident occurred, inspected the subject stump and noticed "a ski carve mark over the edge of the stump." (Mem. in Opp'n at 11.) A ski carve mark is a "slight, flat, grooved impression" left in the snow by a ski. (Benson Dep. Tr. at 83.) However, Benson himself admits that he has no way of knowing when the mark was made and by whom. (Id. at 79.) Indeed, by 2:30 in the afternoon, any number of skiers could have made the carve mark and Brunsting has offered no evidence indicating that he was the skier who created it.

**B. Hearsay statements**

In addition to the above-referenced circumstantial evidence, Brunsting relies upon three hearsay statements to demonstrate that he hit the stump prior to the accident. (Mem. in Opp'n at 5.) First, Brunsting claims that both Christiansen and Walch told Benson that Brunsting hit or was near the stump prior to his

---

[5] To bolster the argument that circumstantial evidence demonstrates that Brunsting must have hit the stump, Brunsting contends that both eyewitnesses "testified that it appeared that he hit something prior to loosing [sic] control." (Mem. in Opp'n at 10 (citing Walch Dep. Tr. at 58; Christiansen Dep. Tr. at 95, 98-101).) Nevertheless, both eyewitnesses have testified that Brunsting did not hit the stump. (Christiansen Dep. Tr. at 74, 120-21, 130-33; Walch Dep. Tr. at 132, 140-41.) Therefore, this cited testimony does not support Brunsting's causation theory.

accident. (Id.) Second, Brunsting notes that Lutsen employee Eric Warnecke said he was "informed that plaintiff stumbled on a stump and hit a tree." (Id. (citing Warnecke Dep. Tr. at 18).)

Lutsen is correct that hearsay evidence cannot be used to defeat summary judgment. Brooks v. Tri-Systems, Inc., 425 F.3d 1109, 1111 (8th Cir. 2005). However, Brunsting argues that Christiansen's statement is admissible as an excited utterance.[6] (Mem. in Opp'n at 7-9.) Brunsting does not argue that the other two hearsay statements are admissible under any exception to the hearsay rule. Therefore, the Court will not consider them.

The Federal Rules of Evidence define an excited utterance as "[a] statement relating to a startling event or condition made while the declarant was under the stress of excitement caused by the event or condition." Fed. R. Evid. 803(2). To determine whether a statement is an excited utterance, courts consider "the lapse of time between the startling event and the statement, whether the statement was made in response to an inquiry, the age of the declarant, the physical and mental condition of the declarant, the characteristics of the event, and the subject matter of the statement." United States v. Wilcox, 487 F.3d 1163, 1170 (8th Cir. 2007) (internal quotations and citation omitted). An excited utterance is considered to be reliable, and thus an exception to the hearsay rule, because it is a "spontaneous statement that [is] not the product of reflection or deliberation." United States v.

---

[6] Benson contends that Christiansen told him that "she saw Keith stumble on a stump, then fall into a tree, hitting the tree with his head." (Benson Aff. ¶ 4.)

Water, 413 F.3d 812, 818 (8th Cir. 2005). The burden of producing evidence demonstrating that a statement is an excited utterance is on the proponent. Reed v. Thalacker, 198 F.3d 1058, 1061 (8th Cir. 1999).

Based upon the record before the Court, Christiansen's statement is not an excited utterance. Assuming for the purposes of summary judgment that Christiansen was the declarant of this statement,[7] there is insufficient evidence to indicate that she was in such an excited state to make her statement an excited utterance. Christiansen witnessed Brunsting's accident from the chairlift and thereafter skied to the accident site, where she encountered Benson. (Benson Aff. ¶¶ 3-4.) The alleged statement was made four to five minutes after the accident took place, and was made in response to Benson's inquiry. (Id. ¶ 4.) Accordingly, the statement was not "spontaneous, excited or impulsive." Reed, 198 F.3d at 1061. Moreover, while Benson states that he, Christiansen, and Walch were all "extremely startled and alarmed at the gravity of the situation" and "extremely . . . anxious" (Benson Aff. ¶ 4.), Brunsting provides no evidence that Christiansen in particular was in an extremely alarmed condition at the time the statement was made beyond these generalized observations regarding the group's demeanor.[8]

---

[7] The identity of the declarant is uncertain. During his deposition, Benson stated that a Caucasian woman told him that she saw Brunsting hit the stump. (Benson Dep. Tr. at 78-80.) Benson later stated in an affidavit that he believes the Caucasian woman to be Christiansen, but that he is not certain. (Benson Aff. ¶¶ 4-5.) Christiansen, however, denies making this statement. (Christiansen Dep. Tr. at 44-46.)

[8] Brunsting contends that because Christiansen felt "panicked and anxious" when she later skied down the hill from the accident scene, she must have been in an excited state when she told Benson that Brunsting hit the stump. (Mem. in Opp'n at 8.) However,

8

For example, there is no evidence that Christiansen was crying, shaking, screaming, or otherwise acting as if she was in such a state as to be unable to falsify.  See Wilcox, 487 F.3d at 1171 (noting that a declarant was in an excited state when she was crying with an upset tone of voice); United States v. Phelps, 168 F.3d 1048, 1055 (8th Cir. 1999) (noting that a declarant was in an excited state when she was shaking and crying).  Additionally, the nature of the incident also indicates that Christiansen was not likely to be in an excited state.  While she had witnessed a serious and life-threatening ski accident, Christiansen and Brunsting were perfect strangers, and thus Christiansen had no connection to Brunsting which may lead to a strong emotional response to his unfortunate circumstances.

Disregarding the Christiansen statement as inadmissible hearsay, the Court finds that there is insufficient evidence in the record to establish causation.[9]  While the Court is mindful that issues of causation often involve questions of fact, see Ill. Farmers Ins. Co. v. Tapemark Co., 273 N.W.2d 630, 633-34 (Minn. 1978); Moe v. Springfield Milling Corp., 394 N.W.2d 582, 585 (Minn. Ct. App. 1986), summary judgment is appropriate where the nonmoving party has failed to point to sufficient evidence that would allow the jury to reasonably find for the nonmoving party, see DLH, Inc. v. Russ, 566 N.W.2d 60, 71 (Minn. 1997).  In this case,

---

Christiansen's fear for her own safety when skiing down the hill does not indicate that her prior statement was made in an excited state without reflection or deliberation.

[9] As the Court grants Lutsen's Motion for Summary Judgment for lack of evidence demonstrating causation, it need not address Lutsen's alternative theory of primary assumption of the risk.

Brunsting has failed to point to enough relevant and admissible evidence that would allow a trier of fact to reasonably conclude that the stump was the cause of Brunsting's accident. A ski carve mark on the stump from unknown origins falls far short of the evidence needed for a jury to reasonably conclude that the stump caused the accident in light of the substantial evidence to the contrary. Accordingly, Brunsting cannot prove an essential element of his negligence claim, and summary judgment in favor of Lutsen is appropriate.[10]

## CONCLUSION

Based on the foregoing, and all the files, records and proceedings herein **IT IS ORDERED** that Defendants' Motion for Summary Judgment (Doc. No. 67) is **GRANTED** and Plaintiffs' Complaint (Attached as Ex. 2, Doc. No. 42) is **DISMISSED WITH PREJUDICE**.

**LET JUDGMENT BE ENTERED ACCORDINGLY**.

Dated: December 30, 2008

                                             s/Richard H. Kyle
                                             RICHARD H. KYLE
                                             United States District Judge

---

[10] In Minnesota, the claim of loss of consortium is considered to be derivative. See Huffer v. Kozitza, 375 N.W.2d 480, 482 (Minn. 1985). Here, this means that Cheri Brunsting's right to recover for loss of consortium derives from Keith Brunsting's right to recover on his negligence claim. As the negligence claim in this case does not survive summary judgment, the claim for loss of consortium also cannot survive.