UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Keith Brunsting and Cheri Brunsting,

        Plaintiffs,

v.

Lutsen Mountains Corporation and
Lutsen Mountains Lodging Corporation,

        Defendants.

**MEMORANDUM OPINION
AND ORDER**
Civil No. 07-4192 ADM/RLE

_____

Thomas J. Conlin, Esq., Conlin Law Firm, LLC, Minneapolis, MN; Steven M. Johnson, Esq., Ronald A. Parsons, Esq., and Shannon R. Falon, Esq., Johnson, Heidepriem, Janklow, Abdallah & Johnson, LLP, Sioux Falls, SD, on behalf of Plaintiffs.

Cortney G. Sylvester, Esq., Brian N. Johnson, Esq., Cynthia P. Arends, Esq., and Gregory A. Bromen, Esq., Nilan Johnson Lewis, PA, Minneapolis, MN, on behalf of Defendants.
_____

## I. INTRODUCTION

This matter is before the undersigned United States District Judge after an order remanding the case to Judge Richard H. Kyle was issued in <u>Brunsting v. Lutsen Mountains Corp.</u>, 601 F.3d 813 (8th Cir. 2010). Judge Kyle has recused himself from further consideration of the case. All parties agree that the only issue to be determined currently is Lutsen Mountains Corporation and Lutsen Mountains Lodging Corporation's (collectively "Lutsen") Motion for Summary Judgment [Docket No. 127] on the doctrine of primary assumption of risk. For the reasons set forth herein, Lutsen's Motion is denied.

## II. BACKGROUND[1]

A comprehensive statements of facts may be found in Brunsting, 601 F.3d at 815-16. Before reaching the substance of Lutsen's motion, a brief summary of the procedural history of this case is necessary.

Plaintiffs Keith Brunsting ("Brunsting") and his wife, Cheri, commenced this action in February, 2006, alleging Lutsen was negligent in the design, maintenance, operation and supervision of its ski facilities by failing to remove a tree stump that caused Brunsting to lose control and crash while he was downhill skiing. Transfer Order [Docket No. 42], Ex. 2 (Compl.) ¶¶ 19-21. Lutsen brought a summary judgment motion on all claims arguing that there was insufficient evidence to prove that Brunsting struck a tree stump before colliding with the tree, and, in the alternative, Brunsting's claim was barred by the doctrine of primary assumption of risk. Brunsting, 801 F.3d at 816. Judge Kyle found a lack of evidence demonstrating causation, and thus granted Lutsen's summary judgment motion without reaching the primary assumption of risk argument. Id. at 817. The Eighth Circuit reversed on the issue of causation, declined to rule on Lutsen's primary assumption of risk argument, and remanded the case. Id. at 822-23. Lutsen now seeks a ruling on its primary assumption of risk argument.

## III. DISCUSSION

**A. Standard of Review**

Federal Rule of Civil Procedure 56(c) provides that summary judgment shall issue "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

---

[1] On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. Ludwig v. Anderson, 54 F.3d 465, 470 (8th Cir. 1995).

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); see Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). On a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party. Ludwig, 54 F.3d at 470. The nonmoving party may not "rest on mere allegations or denials, but must demonstrate on the record the existence of specific facts which create a genuine issue for trial." Krenik v. County of Le Sueur, 47 F.3d 953, 957 (8th Cir. 1995).

**B. Primary Assumption of Risk**

Lutsen argues that the evidence of record conclusively demonstrates that Brunsting knew and appreciated the risks associated with downhill skiing but voluntarily chose to accept those risks. Therefore, Lutsen concludes, summary judgment is appropriate because Brunsting primarily assumed the risk.

Under Minnesota law, the doctrine of primary assumption of risk may operate to relieve a defendant of liability in a negligence action. Andren v. White Rodgers Co., 465 N.W.2d 102, 105 (Minn. Ct. App. 1991).[2] However, "[a]pplication of the primary assumption of risk doctrine is uncommon." Rusciano v. State Farm Mut. Auto. Ins. Co., 445 N.W.2d 271, 273 (Minn. Ct. App. 1989).

The elements of primary assumption of risk are whether a plaintiff "had (a) knowledge

---

[2] Secondary assumption of the risk, on the other hand, "is a type of contributory negligence where the plaintiff voluntarily encounters a known and appreciated hazard created by the defendant without relieving the defendant of his duty of care with respect to such hazard." Andren, 465 N.W.2d at 104 (citing Armstrong v. Mailand, 284 N.W.2d 343, 349 (Minn. 1979)).

3

of the risk; (b) an appreciation of the risk; and (c) a choice to avoid the risk but voluntarily chose to chance the risk." Andren, 465 N.W.2d at 104-05. In other words, the plaintiff must, in an express or implied way, "consciously and voluntarily agree[ ] that the defendant would not have a duty to protect against a particular danger inherent in their dealing." T.H.S. Northstar Assocs. v. W.R. Grace & Co., 66 F.3d 173, 176 (8th Cir. 1995).

The risk that a party voluntarily agrees to assume is not unbounded, and the plaintiff will not be deemed to have relieved a defendant of the duty of care for all dangers that the plaintiff encounters during the transaction. Iepson v. Noren, 308 N.W.2d 812, 815 (Minn. 1981). Instead, a plaintiff assumes only those risks of which he has *actual* knowledge prior to voluntarily undertaking an activity. Wegscheider v. Plastics, Inc., 289 N.W.2d 167, 170 (Minn. 1980). This is to be "distinguished from constructive notice or knowledge. The mere fact that a plaintiff would, in the exercise of ordinary care, have known or appreciated the danger is not sufficient." Id. Thus, courts perform a "more detailed inquiry into the particular risk causing the injury" to determine if the injuries stemmed from those risks that the plaintiff actually knew about. Reimer v. City of Crookston, 326 F.3d 957, 969 (8th Cir. 2003).

The record reveals genuine issues of material fact exist, thus prohibiting summary judgment as to primary assumption of risk. The parties disagree as to whether the incident occurred on a groomed, intermediate level ski run or on an ungroomed, expert level trail. Lutsen maintains that the incident occurred on the expert trail and that Brunsting chose to leave the intermediate trail and ski on an advanced tree run. Defs.' Mem. in Supp. of Mot. for Summ. J. [Docket No. 70] at 19. Brunsting, on the other hand, presents evidence that he relied on Lutsen's trail map and signage to specifically choose a groomed, intermediate run, free of obstacles and

4

hazards, and that the stump was located on the intermediate run. Pls.' Resp. to Defs.' Mot. for Summ. J. [Docket No. 75] at 15. Whether Brunsting primarily assumed the inherent risks of his activities largely depends on which ski run he consciously chose to ski, a subject of factual dispute.

Moreover, while Brunsting may have assumed the ordinary risks associated with skiing, the risks that a party assumes are construed narrowly to encompass only those of which the plaintiff is *actually* aware. See Wegscheider, 289 N.W.2d at 170; Beckman v. V.J.M. Enters., Inc., 269 N.W.2d 37, 39 (Minn. 1978). Whether Brunsting was actually aware of the risk that a tree stump may be present on the ski run he selected is a fact-intensive inquiry. Brunsting's knowledge and appreciation of the risk turns on factors such as whether he had previously seen the stump, his prior skiing experience, and, as previously discussed, his choice to ski a groomed or ungroomed run.

Finally, whether a party has assumed a risk in a particular situation is for the jury to determine, unless the evidence is "overwhelming and conclusive." Reimer, 326 F.3d at 970. The evidence in this case is not conclusive that Brunsting knew of and appreciated the risk that he could ski into a tree stump or that he assumed the risk as a matter of law. Under these facts, primary assumption of risk is not inferred.

## IV.  CONCLUSION

Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Lutsen's Motion for Summary Judgment [Docket No. 127] is **DENIED**.

BY THE COURT:


    s/Ann D. Montgomery
ANN D. MONTGOMERY
U.S. DISTRICT JUDGE

Dated:  August 17, 2010.